**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: RUDOLPH FLAGG** | **CHAPTER 13** |
| | **CASE NUMBER 11-13630** |
| **DEBTOR** | **ADVERSARY PROCEEDING NO._____** |

**RUDOLPH FLAGG**

**PLAINTIFF**

**V.**

**WELLS FARGO, N.A. and**
**OCWEN LOAN SERVICING, LLC**

**DEFENDANTS**

---

**COMPLAINT TO DETERMINE EXTENT & VALIDITY OF LIEN**
**AND TO SET ASIDE FORECLOSURE**

---

Come now the Debtor, by and through attorney of record, C. Jerome Teel, Jr., and moves the court for an order determining the validity and extent of lien and setting aside a foreclosure. In support of said Complaint, the Plaintiff would show unto the Court as follows:

**JURISDICTION AND PARTIES**

1. The Plaintiff is an adult resident citizen of Haywod County, Tennessee, and is the debtor in the underlying chapter 13 bankruptcy case.

2. The Defendant, Wells Fargo Bank, N.A., ("Wells Fargo") is a foreign corporation authorized to do business, and doing business, in the State of Tennessee. The Defendant has a principal office located at 464 California Street, San Francisco, CA, 94104 and may be served with process by serving its designated agent for service of process, Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312. The Defendant, Ocwen Loan Servicing, LLC, ("Ocwen") is a foreign limited liability company authorized to do business, and doing business, in the State of Tennessee. The Defendant has a principal office at Suite 100, 1661 Worthington Rd., West Palm Beach, FL 33409-6493 and may be served with process by serving its designated agent for service of process, Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

3. This is a core proceeding under 28 USC 157(b)(2)(I). Venue is proper under 28 USC 1409(a).

## STATEMENT OF FACTS AND LAW

1. On December 2, 2011, the Plaintiff filed for relief pursuant to Chapter 13 of the United States Bankruptcy Code.
2. Prior to his bankruptcy filing, the Debtor and his siblings, Artemus Flagg and Longing R. Flagg, inherited two parcels of real property from their deceased mother. One property is residential real property commonly known as 619 Austin Street, Brownsville, TN, 38012, and being Map 075F, Group D, Parcel 016.00 ("Austin Street"). The second parcel of property is approximately 45 acres of farm land located on or near Shaw Chapel Road in Haywood County, Tennessee, being Map 086 Parcel 004.00 ("Farm").
3. The Debtor obtained a mortgage loan originally with AMRESCO Residential Mortgage Corporation. The trust deed arising from this loan is of record in Trust Deed Book 213, page 194, in the Register's Office of Haywood County, Tennssee. The subject trust deed is defective. As collateral, it describes the 45 acre Farm rather than Austin Street, as was intended, and it does not contain the notarized signatures of the Debtor's siblings who own an interest in both properties.
4. The mortgage loan referenced above was subsequently sold and assigned to Wells Fargo with servicing by Ocwen. Default was alleged in the terms and conditions of the trust deed and a foreclosure was advertised and conducted. The resulting Successor Trustee's Deed is of record in Record Book 92, page 806 in the Register's Office of Haywood County, Tennessee.
5. The Successor Trustee's Deed referenced above purported to convey the Debtor's interest in the Austin Street property to Wells Fargo Bank, N.A., Successor by Merger to Wells Fargo Bank Minnesota, N.A., as Trustee F/K/A Norwest Bank Minnesota, N.A. as Trustee for AMRESCO Residential Securities Corporation Mortgage Loan Trustee 1999-1 ("Grantee"). However, the legal description attached to the Successor Trustee's Deed describes the Farm not the Austin Street property.
6. The Debtor alleges that the foreclosure described above and the resulting Successor Trustee's Deed of record in Record Book 92, page 806, is void and should be set aside. Additionally, the Court should determine the extent and validity of the lien of record in Trust Deed Book 213, page 194, that was the underlying trust deed relied upon for the foreclosure.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that:

1. The Defendants be served with process and that they be required to respond to the allegations in the Complaint within the time prescribed by law;

2. The Court conducted a hearing on the Plaintiff's complaint;

3. The Court enter an Order declaring the foreclosure referenced above as void and setting aside the Successor Trustee's Deed of record in Record Book 92, Page 806. Further, the Court should enter an order that the lien of record in Trust Deed Book 213, page 194 held by the Defendant to also be void and null; and

4. The Plaintiff be awarded more general relief to which he may show himself entitled.

Respectfully submitted this 1st day of May, 2012.

/s/C. Jerome Teel, Jr.
C. Jerome Teel, Jr. #016310
Attorney for Debtor
425 E. Baltimore St
Jackson TN 38901
Phone; (731) 424-3315
Fax: (731) 424-3501

rll

CERTIFICATE OF SERVICE

The undersigned individual hereby certifies that on the 1st day of May, 2012 true and correct copies were served by US Mail, postage prepaid, or by e-mail to the parties following: Rudolph Flagg, 619 Austin St., Brownsville, TN 38012; Chapter 13 Trustee Timothy Ivy, P. O. Box 1313 Jackson; Wells Fargo Bank, N.A., 464 California St., San Francisco, CA 94104; Ocwen Loan Servicing, LLC, Ste 100, 1661 Worthington Rd., West Palm Beach, FL 33409, Attorney Sharon Fewell, 6055 Primacy Parkway Ste 410, Memphis, TN 38119, Attorney Jeremiah McGuire, 6055 Primacy Parkway Ste 410, Memphis, TN 38119, Corporation Service Company, 2908 Poston Ave, Nashville, TN 37203.

/s/ C. Jerome Teel Jr
C. Jerome Teel Jr.